**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**OLLIE LEE EVANS**                                                                                    **PLAINTIFF**

**V.**                                                                                    **CASE NO. 2:11-CV-002**

**STATE OF MISSISSIPPI, et al.**                                                          **DEFENDANTS**

MEMORANDUM OPINION

This matter comes before the Court on the Defendants' motion for summary judgment [58]. The Plaintiff also moved for summary judgment [97][123][128][135], and the Court further construes these motions as responses to the Defendants' original motion for summary judgment. The Court is aware of Evans' notices of appeal [126][127] to the United States Court of Appeals for the Fifth Circuit. Although unclear, it appears the Plaintiff is appealing from the final judgment in this case. Since this Court has not previously entered a final judgment under Fed. R. Civ. P. 54(b) or 58, it appears the notices were filed prematurely. Although an appeal usually transfers jurisdiction from the district court to the appellate court concerning the "aspects of the case involved in the appeal," the district court is free to adjudicate matters which are not involved in the appeal. *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed. 2d 225 (1982); see *Alice L. v. Dusek*, 492 F.3d 563, 565 (5th Cir. 2007) (per curiam).

Upon due consideration of the motions, applicable law, and record in this case, the Court finds that the Defendants are entitled to summary judgment.

Facts

Plaintiff Ollie Lee Evans, proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 lawsuit on January 6, 2011 against: Ron King, Superintendent at South Mississippi

1

Correctional Institution ("SMCI"); Jan Guest, Assistant Director of Offender Services at SMCI; Emmitt Sparkman, Deputy Commissioner at the Mississippi State Penitentiary ("MSP"); and Johnnie Denmark, Warden at SMCI.[1]

Through his complaint and as clarified by his testimony at the *Spears* hearing, Evans asserts that his Eighth Amendment right to be free from cruel and unusual punishment was violated when he was involuntarily exposed to environmental tobacco smoke ("ETS" or "second-hand smoke") while incarcerated at SMCI.[2] Evans alleges that Johnnie Denmark, Jan Guest, and Ron King overlooked or denied his written and verbal requests to be transferred to a smoke-free facility. *See* Complaint [1] at 3-4; *see also,* Omnibus Order [55] at 2. Evans claims that Emmitt Sparkman signed the MDOC nonsmoking policy into implementation, but failed to enforce it. Omnibus Order [55] at 2. Evans contends that, as Deputy Commissioner, Sparkman was in charge of jail officials and should have ensured that the officers at SMCI followed the nonsmoking policy. *Id.*

Evans further claims he suffers watery eyes, breathing problems, and chest pain due to his exposure to unreasonable levels of second-hand smoke. *Id.* Evans admits to having smoked for a period of 8 to 10 years prior to his initial incarceration in 2006. *Id.* at 3. However, he now claims that he has not smoked in approximately 5 years. The Plaintiff states that he has not been diagnosed with any medical condition resulting from his exposure to second-hand smoke. He

---

[1] Evans initially filed claims against the State of Mississippi and Mrs. Unknown Lewis in addition to the remaining defendants. On March 11, 2011, the Court dismissed the State of Mississippi from this case. During the omnibus hearing on December 1, 2011, Plaintiff advised that it is not necessary for Lewis to be a party to this action. The Court then dismissed the claims against Lewis without prejudice. *See* Omnibus Order [55] at 3.

[2] In his complaint, Plaintiff also alleged violation of his Fourteenth Amendment due process rights; however, Plaintiff only discusses his Eighth Amendment claims in response to Defendants' motion for summary judgment. Therefore, the Court will assume Plaintiff abandoned his due process argument, if any.

seeks injunctive relief as well as $4 million in damages. Although unclear, it appears Evans seeks only damages from King, but damages and injunctive relief from the remaining defendants. Omnibus Transcript at 22:10-23:13; 26:1-29:13.

As to the request for injunctive relief, Evans testified during the *Spears* hearing that SMCI did not have a smoke-free building at the time he asked to be transferred. Since filing this lawsuit, the Plaintiff has been transferred to and from other correctional facilities within this state. *See* Doc. [47]; Omnibus Transcript at 17:5-18:4. At the time of the *Spears* hearing, Evans was housed at the state penitentiary in Parchman, Mississippi. *Id.* at 15:4-10. He has now been moved back to SMCI. *See* Doc. [136] at 5. Evans claims that SMCI established a smoke-free building around the time he was transferred from SMCI to another facility. Omnibus Transcript at 21:8-15; 22:1-7. Evans also asserts that after he was moved, the officers at SMCI began enforcing the MDOC nonsmoking policy. *Id.* at 22:1-9. Nevertheless, the Plaintiff argues that "they could do better at the facility as far as the nonsmoking [sic], or either cut it out period." *Id*. at 28:10-11.

On February 1, 2012, the Defendants moved for summary judgment [58] based on qualified immunity and immunity under the Eleventh Amendment. From February 15, 2012 to July 24, 2012, Evans filed seven responses [69][70][72][76][81][105][118] to the Defendants' motion. On May 21, 2012, Evans moved for summary judgment [97]. He subsequently filed other motions for summary judgment [123][128][135] for the same reasons as those stated in his original motion [97]. Because the Plaintiff's filings are substantially similar, the Court interprets them as responses to the Defendants' motion for summary judgment.

Summary Judgment Standard

It is proper for the court to grant summary judgment if the evidence shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).  A material fact issue exists where a jury could reasonably find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  When ruling on a summary judgment motion, the court must construe the facts and evidence in the nonmoving party's favor. *Ford, Bacon & Davis, LLC v. Travelers Ins. Co.*, 635 F.3d 734, 736 (5th Cir. 2011).  If the party seeking summary judgment meets its burden, the nonmoving party must then "come forward with specific facts showing a genuine factual issue for trial." *Harris ex rel. Harris v. Pontotoc Cnty. Sch. Dist.*, 635 F.3d 685, 690 (5th Cir. 2011).  The nonmoving party cannot rely on metaphysical doubt, conclusive allegations, or unsubstantiated assertions but instead must show that there is an actual controversy warranting trial. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (internal citations omitted).

Discussion

The Plaintiff filed this lawsuit against the Defendants in their individual and official capacities.  In their motion, the Defendants raised and briefed qualified and sovereign immunity defenses.  Because the Court finds that the Plaintiff's claim does not amount to a constitutional violation, the Defendants are entitled to summary judgment as a matter of law.

As to the Defendants' entitlement to sovereign immunity, the Court acknowledges that "a suit against a state official that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief." *Pennhurst State School & Hosp. V. Halderman,* 465 U.S. 89, 101, 104 S.Ct. 900, 79 L.Ed. 2d 67 (1984).  The Plaintiff's claim against the Defendants in their official capacity is essentially a claim against the State of Mississippi.  A lawsuit "against a state

official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed. 2d. 45 (1989). "[A]n unconsenting State is immune from suits brought in federal court by her own citizens as well as by citizens of another state." *Pennhurst*, 465 U.S. at 100 (quoting *Employees of Dept. of Public Health and Welfare, Missouri v. Dept. of Public Health and Welfare, Missouri*, 411 U.S. 279, 280, 93 S.Ct. 1614, 36 L.Ed. 2d 251 (1973)). Section 1983 does not waive a state's sovereign immunity. *Aguilar, et al. v. Texas Dept. of Criminal Justice, et al.*, 160 F.3d 1052, 1054 (5th Cir. 1998). Because Mississippi has not consented to suit in this Court or otherwise waived its immunity, neither it nor the defendant officers can be held liable for money damages. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (explaining that the Eleventh Amendment bars claims for money damages asserted against prison officials in their official capacities).

As to the merits of this lawsuit, the Plaintiff claims that he was involuntarily exposed to second-hand smoke during his incarceration at SMCI. To make a valid constitutional violation claim based on exposure to ETS, the Plaintiff must satisfy the two-part test set forth in *Helling v. McKinney*, 509 U.S. 25, 113 S.Ct. 2475, 125 L.Ed. 2d 22 (1993). First, he must objectively show that he has been exposed to "unreasonably high levels of ETS." *Id.* at 35. In evaluating this part of the test, the Court looks at the seriousness of potential harm and the likelihood that ETS will cause that harm. *Id*. at 36. Second, the Plaintiff must subjectively show that prison officers were deliberately indifferent to his medical situation. *Id*. In so doing, the inmate must prove that officers knew he faced substantial harm or risk and failed to take reasonable steps to prevent it. *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed 2d 811 (1994).

5

The Plaintiff's claim fails to meet the first part of the *Helling* test because he has not objectively shown that he was exposed to unreasonably high levels of second-hand smoke. Evans does not submit any objective proof of his alleged exposure to ETS, but instead relies entirely upon unsupported assertions. Unlike the plaintiff in *Helling,* Evans does not allege sufficient facts for the Court to determine that his exposure was severe enough to constitute unreasonably high levels of ETS.

The *Helling* plaintiff was housed with an inmate who smoked five packs of cigarettes each day. 509 U.S. at 28. In the present case, Evans argues that smoke flowed throughout the building because inmates were allowed to smoke on their bunks as well as in bathrooms and phone areas. Doc. [81] at 4. According to the Defendants, there were designated smoking areas, exhaust fans, and floor fans at SMCI to prevent or minimize inmate exposure to second-hand smoke. *See* King Aff. at 1; Denmark Aff. at 1; Guest Aff. at 1. Evans argues that there are not adequate floor fans at the facility and the fans which are there pull smoke throughout his entire unit. Docs. [81][98]. Although Evans makes this argument, he submits no objective evidence that he was exposed to unreasonable amounts of second-hand smoke. He does not submit affidavits or other competent evidence in support of the alleged ETS conditions at SMCI.

In evaluating the present matter, the Court also considers two related Fifth Circuit cases involving one inmate's claims of involuntary exposure to second-hand smoke while incarcerated at different prisons, *Murrell v. Chandler*, No. 07-40340, 2008 WL 1924198 (5th Cir. Apr. 30, 2008) and *Murrell v. Casterline*, No. 07-30153, 2008 WL 822237 (5th Cir. March 25, 2008). In both cases, the Fifth Circuit found that there were material fact issues precluding summary judgment in favor of the defendants.

In *Chandler*, the court opined that the declarations in the plaintiff-prisoner's sworn affidavit created "genuine issues of material fact regarding whether Murrell objectively proved that he was exposed to unreasonably high levels of ETS and whether the defendants were subjectively deliberately indifferent to his plight."*Chandler*, 2008 WL 1924198, at *2.

Similarly, in *Casterline*, the court vacated the district court's grant of summary judgment in favor of the defendants based on disputed material facts. *Casterline*, 2008 WL 822237, at *1. In concluding that the district court erred in holding that the plaintiff failed to meet the second prong of *Helling*, the Fifth Circuit found that the plaintiff established genuine issues of material fact as to whether the defendants were subjectively deliberately indifferent to his situation. *Id*. at *2. In so holding, the Fifth Circuit relied on evidence presented by the plaintiff that the defendants knew that he was allergic to ETS, that he specifically asked the defendants to enforce the no-smoking policy, and that the defendants failed to enforce the policy. *Id*. The court also considered sworn statements of other inmates submitted by the plaintiff indicating that defendants did not enforce the policy. *Id*.

Unlike the plaintiff in *Chandler* and *Casterline*, Evans does not objectively show that he was exposed to unreasonably high levels of ETS. Instead, he relies entirely on the allegations in his complaint and his testimony at the *Spears* hearing.[3] The Plaintiff admits that he stopped smoking approximately five years ago. He has not shown that his current medical issues (i.e., watery eyes, breathing problems, chest pain), if any, resulted from ETS. Further, the Plaintiff has not been diagnosed with any medical illnesses arising from his alleged exposure to second-

---

[3] Although Evans has not submitted a verified complaint, the Court considers his sworn testimony at the *Spears* hearing to be competent summary judgment evidence. *See generally, Ware v. Batson*, No. 09-30018, 2010 WL 8750604, at *1 (5th Cir. Aug. 6, 2010) (a verified complaint constitutes competent summary judgment evidence); *Hart v. Hairston*, 343 F.3d 762, 764 n.1 (5th Cir. 2003) (declarations in a verified complaint are competent sworn testimony for summary judgment purposes).

7

hand smoke at SMCI and he offers no supporting medical records. While Evans' exposure to second-hand smoke may have been undesirable, it does not appear severe enough to equal "unreasonably high levels of ETS." 509 U.S. at 35; *See Richardson v. Spurlock, et al.,* 260 F.3d 495, 498 (5th Cir. 2001) (finding that inmate's occasional exposure to second-hand smoke did not violate contemporary standards of decency). The *Helling* test has subjective and objective components. Since Evans has not made an objective showing of his exposure to unreasonably high levels of ETS, he fails to satisfy the first part of the *Helling* test.

The Plaintiff is also unable to meet the second part of *Helling* because he cannot subjectively show that the Defendants were deliberately indifferent to his medical condition, if any. Evans admits that he has not been diagnosed with a medical condition regarding his alleged exposure to second-hand smoke. He submits, however, that a medical condition exists because second-hand smoke is harmful to everyone's health. Omnibus Transcript 28:11-12. Still, the Defendants could not have been deliberately indifferent to a medical condition which did not exist or one they were unaware of.

Although Evans asserts that the Defendants denied his transfer requests, he admits that SMCI did not have a smoke-free building at the time he requested to be moved. *Id*. at 22:3-4. According to Evans, SMCI officers began enforcing a nonsmoking policy after he was transferred to another correctional facility. The Plaintiff further testified that SMCI established a smoke-free building around the time officers began enforcing the policy. In light of this testimony, it appears the Defendants were not deliberately indifferent to the Plaintiff's situation. As such, the Plaintiff cannot show that the Defendants knew he faced a substantial harm and failed to take reasonable steps to prevent it. Evans' claim does not satisfy the *Helling* two-part test.

Conclusion

Based on the foregoing analysis, the Court finds that the Defendants' motion [58] for summary judgment is well taken and shall be granted. The Plaintiff's motions for summary judgment [97][123][128] [135] are denied as moot. Pursuant to Fed. R. Civ. P. 58, a separate judgment will be entered this day.

SO ORDERED, this the 26th day of September, 2012.

                                      **/s/MICHAEL T. PARKER**
                                      MAGISTRATE JUDGE
                                      UNITED STATES DISTRICT COURT
                                      SOUTHERN DISTRICT OF MISSISSIPPI